| | |
|---|---|
| CATHY J. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV510-101 |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge J. Richard Stables ("the ALJ" or "ALJ Stables") denying her claim for Disability Insurance Benefits. Plaintiff urges the Court to reverse and remand the ALJ's decision for a proper determination of her disability onset date. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for a Period of Disability and Disability Insurance Benefits on April 20, 2006, alleging that she became disabled on January 2, 1999, due to status post lumbar laminectomy. (Tr. at 12). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On September 3, 2009, ALJ Stables conducted a video hearing at which Plaintiff, who was represented by counsel, appeared and testified. G. Mark Leaptrot, an impartial vocational expert, was also at the hearing. ALJ Stables found that Plaintiff was not

AO 72A
(Rev. 8/82)

disabled within the meaning of the Act. (Tr. at 15). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 1).

Plaintiff, born on August 19, 1964, was forty-three (43) years old when ALJ Stables issued his final decision. She has a high school education. (Tr. at 23). Plaintiff's past relevant work experience includes employment as a data entry clerk. (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal

2

one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of January 2, 1999, through her date last insured on December 31, 2003. (Tr. at 12). At Step Two, the ALJ determined that Plaintiff had status post lumbar laminectomy, a condition considered "severe" under the Regulations. However, the ALJ determined that Plaintiff's medically determinable impairment did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff had the residual functional capacity, through the date last insured, to perform work at the medium exertional level, except for the following limitations: frequently lifting 20 pounds and occasionally lifting 50 pounds; standing/walking or sitting for six hours in an eight-hour workday; continuously kneeling, climbing stairs and ramps, crawling, and balancing; frequently bending, squatting and climbing ladders and scaffolds; occasional exposure to unprotected heights; and no limitation in her upper and lower extremities. (Id.). At the next step, ALJ Stables noted Plaintiff was able to perform her past relevant work as a data entry clerk, as the occupation is generally performed throughout the national economy. (Tr. at 14).

AO 72A
(Rev. 8/82)

## ISSUE PRESENTED

Plaintiff asserts that the ALJ erred by failing to grant her request to appoint a medical expert to determine her onset date.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

4

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that the medical evidence is inadequate to allow ALJ Stables to determine Plaintiff's onset date. Plaintiff asserts that the ALJ was not relieved of his responsibility of consulting a medical expert to address her onset date because Dr. Cliff Cannon would not render an opinion on this issue. Plaintiff avers that there is no medical evidence from which ALJ Stables could have determined the condition of her back in December 2003 without having a medical expert opine about the onset date.

Defendant asserts that ALJ Stables properly denied Plaintiff's request to have another medical expert render a second opinion regarding Plaintiff's disability status as of December 31, 2003, the last date she was insured for benefits. Defendant alleges that the August 2009 MRI Plaintiff had does not depict Plaintiff's medical condition in December 2003, as the records relating to this MRI were nearly six (6) years after the date she was last insured.

"An individual claiming Social Security disability benefits must prove that she is disabled." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is eligible for disability insurance benefits "where she demonstrates disability on or before the last date for which she were insured." Id. (citing 42 U.S.C. § 423(a)(1)(A)); Adamo v. Comm'r of Soc. Sec., 365 F. App'x 209, 212 (11th Cir. 2011).[1]

In determining Plaintiff's disability status as of her date last insured, ALJ Stables looked to the medical evidence of record. The ALJ noted that the medical evidence

---

[1] Plaintiff asserts ALJ Stables' determination is contrary to Social Security Ruling ("SSR") 83-20, which "defines the onset date of disability as 'the first day an individual is disabled as defined in the Act and the regulations.'" Klawinski v. Comm'r of Soc. Sec., 391 F. App'x 772, 776 (11th Cir. 2010) (quoting SSR 83-20). SSR 83-20 only requires "the ALJ to obtain a medical expert in certain instances to determine a disability onset date *after a finding of disability*." Id. (emphasis supplied). Because ALJ Stables did not find Plaintiff disabled, he need not have obtained a medical expert to determine Plaintiff's onset date, and, thus, this Ruling is inapplicable.

AO 72A
(Rev. 8/82)

relating to Plaintiff's alleged back impairment on and before the date of Plaintiff's last insured "proves only those limitations set forth in the Medical Expert's interrogatory answers and medical source statement." (Tr. at 13). ALJ Stables specifically noted that recent medical evidence, including the 2009 MRI and Dr. Cannon's May 2009 office records, were irrelevant to Plaintiff's medical condition over five (5) years earlier in December 2003. The ALJ also noted that office notes from July 2004 (after Plaintiff's last insured date) failed to show evidence of disability prior to Plaintiff's date last insured. ALJ Stables also noted that he had Dr. Charles Hancock, an orthopedic surgeon, review the medical evidence of record to establish Plaintiff's disability as of her date last insured, and Dr. Hancock rendered an opinion as to Plaintiff's residual functional capacity. (Id.). Dr. Hancock also opined that, as of the date of Plaintiff's last insured, the only medical impairment the medical records established was her status post lumbar laminectomy. ALJ Stables observed that Plaintiff had no ongoing symptoms "referable to herniated nucleus pulposus, and no *then* current physical findings supported ongoing radiculopathy." (Tr. at 14) (emphasis in original). ALJ Stables stated that he gave the three (3) State Agency evaluations as to Plaintiff's residual functional capacity great weight, as those evaluations were based on thorough review of the evidence and were consistent with the evidence of record. ALJ Stables also stated that he gave no weight to the opinions of Dr. Juanita Lott, Plaintiff's treating physician, and Lesli McQuigg, a nurse practitioner in Dr. Lott's practice, because "[t]hese opinions were issued after [Plaintiff's] date last insured and refer to [Plaintiff's] functioning at the time they were issued, not the date last insured." (Id.).

AO 72A
(Rev. 8/82)

ALJ Stables' determination that Plaintiff is not disabled within the meaning of the Act is supported by substantial evidence. ALJ Stables was not required to obtain a medical expert to assess Plaintiff's onset date. Plaintiff's assertion to the contrary is without merit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of April, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE